THE STATE *ex rel.* BREBAUGH, *Appellant*, v. BOLTE.

**Guardian and Ward**: GUARDIAN'S LIABILITY DISCHARGED BY SETTLEMENT WITH HIS SUCCESSOR. Where a female guardian of her minor son, instead of investing her ward's money in real estate, takes perfectly good notes therefor, and marries one who thereupon becomes curator of the minor, and files his inventory in which he charges himself with these notes as so much cash, and takes them from the guardian in full discharge of her liability to the ward, and the curator wastes the estate by neglecting to collect the notes at maturity, he and his sureties are liable, and the guardian is discharged.[*]

*Appeal from St Louis Court of Appeals.*

AFFIRMED.

This is an action brought by Christian Koerner, as guardian of Francis L. Brebaugh, a minor, against Bolte and Perschbacher, sureties on the bond of Catherine, the mother and first guardian of said minor.

*Christian Koerner* for appellant.

*Hitchcock, Lubke & Player* for respondents.

---

[*]This syllabus is taken from 4 Mo. App. 599.

The State ex rel. Brebaugh v. Bolte.

SHERWOOD, C. J.—At the conclusion of the trial of this cause in the circuit court, before his Honor, Judge Wickham, the defendant asked the following declaration of law, which was given: "If from the evidence the court finds that previous to December, 1867, one Herman Eggeman intermarried with Catherine Brebaugh, and that thereafter and in the month of December, 1867, the said Eggeman was appointed by the St. Louis probate court as curator of the estate of Francis L. Brebaugh, to succeed the said Catherine Brebaugh in her guardianship of the estate of said minor; that thereafter, and previous to March 3rd, 1868, the said Catherine Brebaugh accounted with and paid over to said Eggeman the said balance in her hands as such guardian shown by her last settlement; and that on March 3rd, 1868, the said Eggeman filed in the St. Louis probate court an inventory and receipt over his signature and under his corporal oath acknowledging that he had received from her such balance; and if the court also finds that thereafter said Eggeman, in his annual settlement charged himself with the amount of money thus acknowledged by him to have been received from said Catherine, and allowed interest thereon to the estate of said minor at six per cent per annum, then the plaintiff cannot recover in this action." The evidence fully justified the circuit court in thus declaring the law, and it would seem that there could be but one opinion on the facts proven. The court of appeals, his Honor, Judge Bakewell, delivering the opinion, after a careful examination of the testimony, affirmed the judgment of the court below. The opinion referred to is so satisfactory that we cannot do better than adopt it as our own, this we do, and affirm the judgment. All concur.